## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Alexys Sherry Parker,                         Civil No. 12-2574 (DWF/TNL)

           Plaintiff,

v.                                                 **ORDER**

Officer Adam Chard and Officer Robert
Illetschko, in their individual and official
capacities; and City of Minneapolis,

           Defendants.

This matter is before the Court on remand from the Eighth Circuit Court of Appeals. *See Parker v. Chard*, 777 F.3d 977 (8th Cir. 2015). The factual background for this case is set forth in detail in both the Court's summary judgment Memorandum Opinion and Order (Doc. No. 39) and the decision of the Eighth Circuit, *Parker*, 777 F.3d 977, and is incorporated by reference for purposes of this Order.

On February 10, 2014, this Court denied in part and granted in part Defendants' Motion for Summary Judgment and denied in part and granted in part Plaintiff's Partial Motion for Summary Judgment. (Doc. No. 39.) The result was that Counts II, III, IV, V, VI, and VII were dismissed with prejudice and summary judgment was granted in favor of Plaintiff Alexys Sherry Parker ("Plaintiff" or "Parker) with respect to Count I for unreasonable seizure and illegal arrest against the individual officer defendants. (*See id.*) Defendants appealed the denial of qualified immunity on summary judgment to the Eighth Circuit. (Doc. No. 40.)

In an opinion dated January 29, 2015, the Eighth Circuit held that the officers were entitled to qualified immunity and therefore reversed the Court's decision and "remanded for further proceedings consistent with this opinion." *See id.*

At issue now are the narrow questions of whether the Officers exceeded the permissible scope of the *Terry* stop when they requested Plaintiff's identification and continued to detain her while searching the vehicle and whether the issue has already been fully resolved.  (*See* Doc. No. 53.)

Plaintiff argues that she raised the issue of the scope of the *Terry* stop in her briefing for summary judgment, but that this Court only ruled on whether the underlying initial seizure was unconstitutional.  (*Id.*)  Plaintiff also asserts that, as a result, the Eighth Circuit only ruled on the question of the underlying seizure, but never addressed the specific question of the scope of the *Terry* stop that was performed after the initial seizure.  (*Id.*)  Plaintiff contends that any suggestion by the Eighth Circuit in a footnote on how to resolve this issue is not determinative because the Eighth Circuit was not able to rule on something that this Court had not decided.  (*Id.*)  Further, according to Plaintiff, a number of cases clearly establish that the *Terry* stop was excessive in scope and was therefore unconstitutional and that Defendants are not entitled to qualified immunity as a result.  (*Id.*)  Specifically, Plaintiff requests that "the Court now consider [whether the Defendant Officers exceed the scope of the *Terry* stop] and grant Plaintiff's motion for summary judgment on the grounds that the Defendant Officers exceeded the scope of the *Terry* stop when they requested Plaintiff's driver's license and continued to detain her after their suspicions were dispelled and their investigation was complete."  (*Id.*)

Defendants counter that the issue that Plaintiff asks the Court to consider was fully briefed, argued and decided by the Eighth Circuit. Specifically, according to Defendants, "the Eighth Circuit reasoned its assumption that the investigatory stop was illegal rendered Parker's request-for-identification argument irrelevant to the court's determination that 'the officers are entitled to qualified immunity." (Doc. No. 54 at 2.)

The Court concludes that this issue has already been fully resolved.[1] The Eighth Circuit clearly and unambiguously determined that "[t]he officers are entitled to qualified immunity." *Parker*, 777 F.3d at 982. The Eighth Circuit based this conclusion on the determination that "it was not clearly established that [the Officers]—having corroborated the running asserted in the eyewitness tip, and knowing shoplifting recently occurred—could not reasonably suspect Parker of shoplifting." *Id*. at 981-82. Thus, the Eighth Circuit held that the requirements for qualified immunity had been met with respect to reasonable suspicion for the entire encounter. Further, the Eighth Circuit indicated that it intended qualified immunity to apply to the entire encounter when it distinguished any arguments by Plaintiff that would treat the scope of the *Terry* stop as an independent violation. *Parker*, 777 F.3d at 982 n.1 ("Parker does not argue—and cites no authority that clearly establishes—that a request for identification during an unlawful detention should be treated as an independent Fourth Amendment violation."). Plaintiff makes clear that she is not claiming there was a separate violation. (Doc. No. 53 at 2 ("Plaintiff never argued that she was subjected to a separate seizure . . .").) Therefore,

---

[1] The Court notes that the issue was briefed and argued at the time of the motions for summary judgment.

the Eighth Circuit's opinion fully disposes of Count I by deciding that the officers are entitled to qualified immunity.

Accordingly, consistent with the opinion of the Eighth Circuit Court of Appeals, the Court **HEREBY ORDERS** the following:

1. Defendant's Motion for Summary Judgment (Doc. No. [19]) is **GRANTED**.

2. Plaintiff's Partial Motion for Summary Judgment (Doc. No. [25]) is **DENIED**.

3. Plaintiff's Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  October 6, 2015         s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge